Your Honors, may it please the court, I am Brian Eiler here representing Dr. James Busey, appellant at this level, plaintiff below. This is a simple appeal from a summary judgment granted by the trial court. Trial court found, as a matter of fact, that Dr. Busey was terminated on February 15, 2013. Well more precisely, he was no contrary evidence. That is, that the evidence permitted only one conclusion, correct? That's summary judgment, that's the standard. That's what the court, that's a proper statement of the summary judgment standard. So given that Mr. Busey was what is your evidence to the contrary? The evidence is what the board chair said on January 22nd. The evidence is what the board... I'm sorry, who said? The board chair, the Richland School District board chairman on January 22nd came out of the meeting at which the action was taken and said that Dr. Busey's terminated, quote, effective immediately. You're talking about something that's reflected in a news release or a news article, right? You don't have an affidavit from... We don't have an affidavit. Yes, I said I, you know, is that right? Like a news article or something? We don't have an affidavit. We have the newspaper articles, we have the websites. Most importantly, the school district never moved to exclude that evidence at the trial court. Most importantly, the board chair, Mr. Janssen's, never submitted an affidavit denying that that's what he said. Well, there were two or three articles about that meeting. Three. Right? And only, interestingly, only one mentioned this business about effective immediately. No indication where that came from. It didn't say where that, you know, information is effective immediately came from. But the article doesn't mention the source. Well, it's clear though, interpreting the evidence in favor of Dr. Busey is required on summary judgment. Rick Janssen's, the board chair, is the only person that talked to the press. So the only reasonable inference is that the only place the press could have got that What do we make of the January 30 letter? The January 30th letter was an attempt to close the barn door after the horse was already out. When they, when they're, the district realized that it had violated Dr. Busey's rights under state law and under Loudermill and taking the action that it said it took on January 22nd, they decided to try to backtrack and undo what they did and sent this January 30 letter. What's your bottom line complaint? That he didn't get a hearing? No, the bottom line complaint is that he did not get notice of the charges against him, did not get an explanation of the evidence in support of whatever those charges were. Unless the January 30th letter counts and you're just saying we have to ignore that because of what a newspaper article reported from an unknown source at a meeting. Because as I understand your position, if the February date is a good date, then due process was given in terms of the notice of January 30th and the opportunity thereafter to challenge the sufficiency of the notice substantively? If January 30th was a proper notice, then it was sufficient. Okay. But let's remember that it's not just the statements of Rick Janssen, it's also the press release issued by the Richland School District Board on January 22. That press relief was entitled and I quote, and this is ER 190, quote, the Richland School Board terminates Dr. Jim Busey as superintendent, end quote. It doesn't give a date, does it? But it was issued on January 22. No, but it says the board members voted to terminate him, but it doesn't say when. They voted, surely they did, but that doesn't mean that's the president doesn't come into office until January. So the fact that the press release says they have voted, I don't really see where that gets you. I guess your case is partly based upon the fact that one, at least one reasonable inference from that release is that the termination is effective on the date the release is issued. Exactly. Except that it goes on to say that the results stated above will be set forth in more detail in a letter of termination which is being drafted by the attorney representing the school board. So it's clearly prospective, the news release. Well, clearly it does say that the attorney will draft a letter, but it doesn't say... The letter of termination. There hasn't been a termination yet. Well, what does termination mean? Does that mean reflecting what's already happened on January 22nd? Or does that reflect, as the district argues now, and as the trial court accepted, that it's going to be a letter of probable cause to terminate? And I would suggest when you look at the evidence in this case, which Dr. Busey's affidavit says this board had been told by him to terminate him. What the statutory procedure was under state law, and what the louder mail rights are, this board was very well aware that the first step it could legally take was to issue a notice of probable cause. So when that board, with that knowledge, says we are terminating you, we terminated you, and goes to the press and says it's effective immediately, I think it's a reasonable inference to look at the language that the board used, confirmed by the COBRA notice the next day, due to your termination, you have COBRA insurance continuation rights. So I think what we have here is a confusion of facts. I'm sorry, where is the COBRA note in the record? It's at ER 198, I believe. It's at January 23rd. All right, thank you. The trial court confused the facts with the law. It's very clear under state law that if the Richland School District Board did what it said it did on January 22, which is terminate Dr. Busey's employment effective immediately, that violated state law. So you want us to believe part of the press statement about the initial action of the board, but not its entirety? No, I want you to believe in its entirety, it says it's terminated. Excuse me, we ask the questions, you give the answers, all right? As my colleague, the presiding judge, asked you and said, doesn't that press release say later on that this is subject to counsel drafting the appropriate legal letter to be sent to your client? Are we to disregard that? Your Honor, that's one interpretation of that statement in the press release. Another interpretation of that statement in the press release is he's been terminated, and we're going to confirm that termination, which has already occurred, effective immediately, by a letter. Counsel, I have one more question for you about the COBRA letter. It states that he will no longer have coverage as of March 1st, not February 1st. And if your version is correct, wouldn't it have to say that he was no longer eligible after February 1st? That is, it's again forward-looking in telling him that as of March, he won't get coverage. As I understand it, the medical coverage is paid a month in advance. So it would have already been paid up for? Termination January 1st, or January 22nd, February had already been paid by the district. Been paid up, so it doesn't really tell us much either way on that question. Certainly, that's a reasonable inference. My time is up. I would just ask this Court not to set a precedent that a summary judgment can be based on a fiction contrary to what an elected public official announces at the time of the action. At the very least, when an elected public official says we did this, and we did it effective immediately, that should create a genuine issue of fact, on whether the person's due process rights have been violated. Thank you, Counsel. May it please the Court, good morning, Your Honors. Mick McFarland on behalf of the Richland School District Defendants. This case really involves a two-part analysis. The first one being, did the Board comply with RCW 28A 405-300? Any lawyers on this Board? I do not believe so. Did they have the advice of counsel when they met in Executive Session? I believe so. If the statement to the press is correct, they said they were terminating Dr. Busey, but a letter would follow to meet legal guidelines or whatever, right? Correct. Were you that lawyer? I was not, Your Honor. I was not brought in until the lawsuit was filed. All you have to do is shape the history. I always thought that was the great difference between being a litigator and a business lawyer. A litigator gets history, but you can't change history. A business lawyer has to anticipate it. We don't make the facts, we deal with the facts. Going back to this two-part analysis, the first one, as I said, did the School District comply with the statutory requirements under RCW 28A 405-300? If not, there's a second part of the analysis. That is, did Mr. or Dr. Busey receive due process nonetheless? It's obvious the Board tried to comply with the statutory requirements. The question is, did they do it after the fact? In other words, after the termination because they realized they had made a mistake. It's possible for the Board to act contrary to the rules and say, okay, you're fired immediately, right? So the question is, do the reasonable inferences from the facts support that inference? Especially the one news article that says the termination is effective immediately. No, and I'll tell you why. First of all, I want to jump back real quickly before I directly answer that, and that is just to point out that since the briefing in this case, we do have a Ninth Circuit Court of Appeals decision, I believe authored by Judge Hawkins, that says that the statutory process for discharging school district employees in the state of Washington exceeds the protections provided under federal law. Well, the key question is a date question. As I understand the plaintiff's position, which has been confirmed today, it all rises or falls on whether there was in fact a termination in January before the notice and the process occurred, because if it didn't happen until February, the process was appropriate. That's what I understand. So it all rises and falls on January 22 versus February 15. I agree with the slight exception, and I'll try to answer both questions now, and that is this. We have an admission by Dr. Busey that that January 30th letter was sufficient, so there's no argument about that. With that in mind, we have to go back to the Washington State Supreme Court decision interpreting these statutes, and it's specifically the Martin versus Dayton school district case decided in 1975, and what the Washington Supreme Court said is that in that case there was a legally defective notice that was provided to the teacher. And what happened then is the teacher filed suit, actually an appeal in Superior Court, and on the same day the school district sent out what the Washington Supreme Court said was a legally effective notice of discharge under the statute, and then the court went on to say that the subsequent legally effective notice can replace the prior ineffective notice and thereby comply with the statute. Can you tell us from the record, yes or no, whether when Dr. Busey received the February 4th letter he was represented by counsel? Yes. Okay, fine, thank you. And so we go back then, if, and I don't believe that the board violated the statute by making the announcements it did on January 22nd, but even if this court said that there was a question of fact in that regard, then you look at the January 30th, 2013 letter. That wouldn't work for federal due process, though, would it, if he was entitled to notice and a hearing? It's post-deprivation? It's not post-deprivation because they still gave him the legally sufficient notice, which said this is probable cause to discharge, but you have a hearing. And so he was provided on January 30th, it's undisputed, with the right to have a hearing before a third-party neutral hearing officer to determine whether or not the discharge would comply with the statute. So he had that right to that hearing before a discharge. And going back to something Your Honor said during Mr. Eiler's questioning, something about Dr. Busey being paid through February 15th, I think the record actually is that he was paid through February 27th. I think that's what counsel said. I think Your Honor... Yeah, I misstated that, but I guess the question I was getting at was whether he was continuing to be paid and receive benefits all the way through the date that the board contends was the termination date. He was. And the only reason I bring up that February 27th date is because Mr. or Dr. Busey also had contractual rights to a hearing before the board, before a termination could occur. And on February 21st, I believe, Attorney Greg Stephens, who was attorney for the school district, sent Dr. Busey and Mr. Eiler a letter stating you still have that contractual right. And he declined to request a hearing, expressly said, I don't want a hearing. Exactly, and instead filed suit. So jumping back then to that January 22nd date, although I don't think it matters because of the admittedly effective legal notice on January 30th, as it relates to what the board did on January 22nd, if you go back to the statute, they did what they were required to do. That's the end of their process. They are required to take a vote and make a decision whether they believe they have sufficient cause for discharge. And it's not a vote that we might have it or we may have it and we're going to give you the letter. It is a definitive action that they are required to take.  And if they do not believe they have sufficient cause for discharge, then they are required under the statute to provide the statutory notice, which is exactly what they did in this case. Well, you know, you're describing what a board should do under the law and the board did it afterwards. The question is, though, did they make the decision before they did that that he was fired? Isn't that the point that the plaintiff says is a disputed fact? When they decided to terminate him, they did make that decision. They made the only decision the board is required or allowed to make. Well, I see you're again talking what the law permits. Boards, you know, like other entities, many times act contrary to the law. That's the question. Did they make the decision to that contrary to the law and fire him before that? I don't believe so. Well, you don't believe so. But the question is, is there an inference, reasonable inference, supportable from the record in this case? No, I don't agree. So your honor, because all the board can do is take that vote. They can do the questions. What they did. You said what they can do under the law. Questions. Boards act illegally sometimes. And I'm saying that what they can do under the law is what they did do that. Well, that's the question. Yeah, I guess I'm trying to imagine how it could work otherwise. I suppose there could be a lawyer with a letter at the ready at the meeting at which the decision is being taken. And so the question is whether either under Washington law or under the due process analysis, they were required to issue the notice on the date of the meeting or whether they could do it later. I guess that's the question that we're presented with. And I think if in the statute, if you read it in its entirety, I think it makes it clear that they make the decision that they have probable cause and then give notice subsequently to the. But they could do it the same day if they had their lawyer sitting there and had the letter ready. I agree there is no timeline in the statute that says when they need to or have to send the statutorily required letter just after their decision to that they've got probable cause to terminate. Answer that. Yes. Thank you. That's all my time. Unless the court has any questions. I don't believe so. Mr. I know you used all your time, but you may have one minute for rebuttal as you requested. I think it's clear that there's a question of fact as to what the board did on January 22. That question has to be resolved in Dr. Busey's favor for summary judgment. Second, RCW 28A 405.300 states that, quote, in the event any such notice is not timely given, such employees shall not be discharged or otherwise adversely affected in his or her contract status for the duration of the contract. What happens if you win? Then we go back and we have a trial and there's a determination of what damages Dr. Busey suffered. No, let's suppose we agree with you and we say that the January termination was ultra virus and contrary to Washington state law. What happens? Well, then we go back to the board meets again and proceeds to terminate your client and gives your client notice. And he has the opportunity for a pre termination hearing and appeal rights on top of that, correct? Yes. And he would get paid from then until now. But under RCW 28 hearing that you have told the world your client doesn't want. Well, and the reason we told the world that matter what your reason is, you said you didn't want a hearing. Well, your Honor, I believe twice. I think you were offered the hearing twice because if we accepted that hearing, we would waive the rights and the remedy that are stated in RCW 28 405 300. If you read that statute, it says in the event any such notice, that's the notice of probable cause is not given, not timely given, such employees shall not be discharged or otherwise adversely affected in his or her contract. So if the notice isn't given or if... So it's your position that they would have had to issue the letter the same day as the meeting. Or instead of saying we terminated you effective immediately, say we voted the probable cause exists to terminate. Follow the statute. They didn't follow the statute. And as Mr. McFarland just admitted in this argument, they did have their attorney present in this executive session. And I... Well, you know, those are interesting speculations, but that's really way far ahead of where this case is now. In other words, the only issue we're going to decide is was summary judgment properly granted. Correct. If not, then the issue in the district goes back to district court. District court has to decide that issue. When was he terminated? And district court could decide, really, right? Whatever, based upon whatever facts the parties produced, that he wasn't terminated until February. In that case, you're in the same position you're in now, right? We would be if the district court makes that determination. Thank you, counsel. You've exceeded your time. Thank you. We appreciate the arguments from both parties. They've been very helpful.
judges: Hawkins, Tashima, Graber